# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 08-C-78-C |
| v. | ) | |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) ) | |
| | ) ) | |
| | ) | DEMAND FOR JURY TRIAL |
| | ) ) ) | |

## PROTECTIVE ORDER SUBMITTED PURSUANT TO
## THE COURT'S JULY 25, 2008 ORDER (DOCKET NO. 57)

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

- 1 -

A.     **Definitions**

1.      "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.      "Material": all information, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3.      "RTL, HDL, Microcode":  RTL, HDL, microcode, and/or similarly sensitive code or schematics.

4.      "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith are not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

5.      "ATTORNEYS' EYES ONLY Material": information, documents, and things the Designating Party believes in good faith are not generally known to others and have significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties or has undertaken with others to maintain in confidence, or (ii) believes in good faith are significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary financial or technical, competitive or commercially sensitive information that the Producing Party maintains as highly confidential in its business.

6.      "OUTSIDE ATTORNEYS' EYES ONLY":  information, documents, and things that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for the following categories of documents, the disclosure of which is likely to cause harm to the competitive position of the Producing Party:  (a) RTL, HDL, microcode, or similarly sensitive software code (collectively, "RTL, HDL, Microcode"), (b) information relating to future products and strategic plans, (c) non-public financial data, and (d) licensing/settlement documents and communications.  Nothing in this paragraph shall constitute an admission that RTL, HDL or Microcode must be produced in this action.

7.      "Producing Party": a Party or non-party that produces Material in this action.

8.      "Receiving Party": a Party that receives Material from a Producing Party.

9.      "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

10.      "Designating Party": a Party or nonparty that designates information, documents, or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."

- 3 -

11.     "Counsel of Record": (i) counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

12.     "Litigation Manager": a person who is an employee of the legal department of a party, who is designated U.S. counsel, whose responsibilities include overseeing this litigation, and who from the date of entry of this Protective Order through a period of one year following either the complete resolution of the litigation through entry of a final, non-appealable judgment or for which appeal has been exhausted or complete settlement of all claims against all the Parties, whichever occurs later, shall not be engaged in  the review of any semiconductor design or manufacturing.  Further, the Plaintiff's Litigation Managers may not review or otherwise have access to information regarding the Defendant's future products or its non-public financial information other than a summary document containing sales and revenue information relating to the family of accused products that will be made available for inspection at the Madison, WI offices of Heller Ehrman within sixty days of the entry of this Protective Order.  The Plaintiff's Litigation Managers may not copy the document or otherwise review it other than at the premises of Heller Ehrman's offices, although they may discuss its contents with Heller Ehrman attorneys by telephone.  The parties designate the following individuals as Litigation Managers:

(a) for WARF, Carl Gulbrandsen, Michael Falk, and Stephanie Adamany;

(b) for Intel, Steve Rodgers and Janet Craycroft.

The restrictions contained in this paragraph apply regardless of whether one of the above-named individuals also appears as "Counsel of Record."  The terms contained in this paragraph may be modified by the parties in a side letter agreement without amending the Protective Order.

13. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

14. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees or subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.**     **Scope**

1.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, and/or the Standing Orders for the Honorable Barbara Crabb.

**C.**     **Access to Designated Material**

1.     CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" only to:

(a)  Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)  Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(c)  Counsel of Record;

(d)  Litigation Managers;

(e)  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound

By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(f)  Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g)  The Court and its personnel;

(h)  Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(i)  Court reporters and videographers; and

(j)  Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

2.     ATTORNEYS' EYES ONLY Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "ATTORNEYS' EYES ONLY" only to the following (in addition to those identified in Paragraphs 31-32 below regarding use of Designated Material at depositions):

(a)  Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)  Counsel of Record;

(c)  Litigation Managers, provided that WARF Litigation Manager(s):

- 7 -

       i.      may only review such material upon signing a copy of the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

       ii.     shall be subject to the PROSECUTION BAR as provided for in Section G below if Litigation Manager receives any material labeled "ATTORNEYS' EYES ONLY;"

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(e) The Court and its personnel;

(f) Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(g) Court reporters and videographers; and

(h) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

3.     OUTSIDE ATTORNEYS' EYES ONLY Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "OUTSIDE ATTORNEYS' EYES ONLY" only to the following (in addition to those identified in Paragraphs 30-31 below regarding use of Designated Material at depositions):

(a)  Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)  Counsel of Record;

(c)  Intel Litigation Manager(s), provided that Intel Litigation Managers may only review such material upon signing a copy of the  "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(d)  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(e)  The Court and its personnel;

(f)  Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(g)  Court reporters and videographers; and

(h)  Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

4.  Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her.  Counsel for a party who

makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

        5.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such material.  Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

**D.**    **Access By Outside Consultants**

      1.     **Notice**. If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide advance written notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship, personal or professional, with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B.

      2.     **Objections**. The Designating Party shall have ten (10) calendar days from receipt of the notice specified in Paragraph 21 to object in writing to such disclosure, plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission. Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3 days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day (plus 3 days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may, within fifteen (15) business days following its objection, file a motion for protective order preventing

disclosure of Designated Material to the Outside Consultant or for other appropriate relief.  If the Objecting Party fails to file a motion for a protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to the individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A).  If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

E.      **Production of RTL, HDL, Microcode Material**

1.      Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, RTL, HDL, microcode designated as "OUTSIDE ATTORNEYS' EYES ONLY" shall be provided only on two Windows XP-based stand alone computers (that is, computers not connected to a network, Internet, or peripheral device) at secure locations, to be made available during regular business hours on at least 24-hour advance notice at the offices of Wilmer Cutler Pickering Hale and Dorr LLP in Palo Alto, California.  Access to the stand-alone computers will also be provided on Saturdays and Sundays so long as actual notice is provided to the producing party not later than 5:00 p.m. the Thursday before the weekend for which access is requested.  Access from the close of business through 12:00 midnight local time on weekdays shall be provided so long as actual notice of such need is provided to the producing party not later than 5:00 pm on the business day before access is requested.  Beginning one week prior to the beginning of trial and continuing through the end of trial, access to RTL, HDL, microcode shall be provided under the same conditions and with the same limitations and restrictions at the offices of the Boardman Law firm, LLP in Madison, WI.

2.      The Producing Party will produce RTL, HDL, microcode in native format and/or computer searchable pdf format pursuant to the provisions in Paragraph 23 above, but need not produce in any other format absent further agreement of the parties or order of the Court.  The Producing Party will install or allow the Receiving Party to install the UltraEdit Studio program and Adobe Acrobat Professional on the stand-alone computers to assist the Receiving Party's review.  No other programs or tools will be installed absent agreement of the parties or order of the Court.  Any dictionary of terms created by the UltraEdit Studio program or other software program or analysis tool that is generated or printed by the Receiving Party

- 13 -

shall be designated as "OUTSIDE ATTORNEYS' EYES ONLY," shall receive bates numbers, and shall be logged and otherwise maintained consistent with the procedures described in paragraph 25.

       3.     The Producing Party will allow printing of paper copies of specific portions of RTL, HDL, microcode designated as "OUTSIDE ATTORNEYS' EYES ONLY" at the time of inspection by the Receiving Party, which the Receiving Party may take when completing an inspection.  During inspection, the Receiving Party may also identify sections or modules of code, which will be printed by the Producing Party and shipped to the Receiving Party's Outside Counsel of Record.  The Party receiving paper copies of any RTL, HDL, microcode designated as "OUTSIDE ATTORNEYS' EYES ONLY," whether printed at the time of inspection or produced in such paper form, must keep that RTL, HDL, microcode in a secured container at the Receiving Party's Outside Counsel of Record.  The Receiving Party shall maintain a complete log of the names of any persons who have reviewed RTL, HDL, microcode designated as "OUTSIDE ATTORNEYS EYES ONLY" and shall provide such log immediately upon request of the Producing Party.   Paper copies of the RTL, HDL, microcode designated as "OUTSIDE ATTORNEYS' EYES ONLY" shall include Bates number and confidentiality labels when printed, but the Producing Party shall not undertake any additional effort to track or otherwise determine which pages of code have been reviewed.  The Producing Party shall not videotape or otherwise record review of code by the Receiving Party.

- 14 -

F.     **Financial Summaries**

1.     For the mutual convenience of the parties, Intel may generate certain financial summaries for the purpose of this litigation.  In addition, Intel may re-produce in this litigation other financial summaries generated for the purpose of certain collateral actions.  Intel will designate these materials as "Financial Summary – Subject to Protective Order."  To the extent Intel produces such financial summaries in digital format (e.g., PDF, TIFF, Word file) or to the extent the Receiving Party puts any such financial summary or the information from any such financial summary into a document in a digital format, the Receiving Party shall password protect that document on an encrypted media.  To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, the transmission shall be by hand, by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

G.     **Prosecution Bar**

1.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material designated "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" by defendant Intel and labeled as such by Intel at the time of production to the Receiving Party shall not personally prosecute or personally prepare any patent application or personally participate in the drafting of patent claims specifically directed to microprocessors from the time of receipt of such material through and including one (1) year following the first to occur of: (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted or (ii) the complete settlement of all claims against all parties in this

action.  This Prosecution Bar shall not apply to a device, method, or process merely because it contains or requires one or more microprocessors to operate.  Intel may not designate material as "SUBJECT TO PROSECUTION BAR" unless it (i) is also appropriately labeled "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" and (ii) is from a technical custodian (e.g., a programmer, an engineer or a scientist) or otherwise discloses confidential technical information.

      **H.**    <u>**Use Of Designated Material**</u>

        1.    **Use Of Designated Material By Receiving Party.**  Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations (by parties or counsel, vendors, experts, consultants, or otherwise) in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

        2.    **Use Of Designated Material By Designating Party.**  Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

        3.    **Use of Designated Material at Depositions.**  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may

testify concerning all Designated Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

      (a)  A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that Party.

      (b)  A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her prior employment with the Party; and

      (c)  Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of

the examination.  In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

       4.    A witness who previously had access to a document designated "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEY'S EYES ONLY" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or  "OUTSIDE ATTORNEYS' EYES ONLY."  The witness may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY".  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

I.      **Procedure for Designating Materials**

1.      Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above, a Designating Party may designate as "ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, a Designating Party may designate as "OUTSIDE ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above.  Except as provided above in Section E with respect to "OUTSIDE ATTORNEYS' EYES ONLY" Material, any material (including physical objects) made available for initial inspection by counsel for the Producing Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "OUTSIDE ATTORNEYS' EYES ONLY" information and shall be subject to this Order.  Thereafter, the Producing Party shall have ten (10) business days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL,"  "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

2.      Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section I before the material is disclosed or produced.

3.      Designation in conformity with this Order requires:

(a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."

       (b)  For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL", ATTORNEYS' EYES ONLY, or "OUTSIDE ATTORNEYS' EYES ONLY."  In the case of deposition, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY " by informing the reporter and opposing party in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied.  However, regarding "OUTSIDE ATTORNEYS' EYES ONLY" Material that constitutes RTL, HDL, Microcode, the Designating Party must designate portions of a deposition transcript as "OUTSIDE ATTORNEYS' EYES ONLY" at the time of the deposition.  All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired.  Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY", as instructed by the Designating Party.

       (c)  For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY."

**J.**     **No Waiver of Privilege**

1.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten (10 calendar days) after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party.  Upon request by the Producing Party, the Receiving Party shall promptly return or destroy all copies of such inadvertently produced document(s).  Nothing herein shall prevent the Receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**K.**     **Inadvertent Failure to Designate**

1.     An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" with the factual basis for the assertion of designation as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY."  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right

to challenge the propriety of such designation(s).  The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation.

      **L.**    <u>**Filing Designated Material**</u>

      1.    Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures.  Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope, or other container, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER", "ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER", or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

**M.**     **Challenges to Confidentiality Designations**

1.     The parties will use reasonable care when designating documents or information as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL material, "ATTORNEYS' EYES ONLY" material, or "OUTSIDE ATTORNEYS' EYES ONLY" material have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

2.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY" designation.

**N.**   **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

1.      If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.**   **Unauthorized Disclosure Of Designated Material**

1.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

    **P.**  <u>**Non-Party Use of this Protective Order**</u>

      1.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

      2.  A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY" information, or "OUTSIDE ATTORNEYS' EYES ONLY" information does not entitle that non-party access to "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY" information, or "OUTSIDE ATTORNEYS' EYES ONLY" information produced by any party in this case.

**Q.**   **Duration**

1.      Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**R.**   **Final Disposition**

1.      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective order as set forth in section Q (Duration), above.

**S.**   **Miscellaneous**

1.      Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

2.      This Order is entered without prejudice to the right of any party to apply

to the Court at any time for additional protection or to relax or rescind the restrictions of this

Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any

person to seek to assert other objections.  No Party waives any right it otherwise would have to

object to disclosing or producing any information, documents, or things on any ground not

addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground

to the use in evidence of any of the material covered by this Protective Order.  The Court shall

take appropriate measures to protect Designated Material at trial and any hearing in this case.

   3. This Order shall not diminish any existing obligation or right with respect

to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents

in writing before the disclosure takes place.

   4. The United States District Court for the Western District of Wisconsin is

responsible for the interpretation and enforcement of this protective order.  All disputes

concerning Designated Material produced under the protection of the Protective Order shall be

resolved by the United States District Court for the Western District of Wisconsin.  Every

individual who receives any Designated Material agrees to subject himself or herself to the

jurisdiction of this Court for the purposes of any proceedings related to performance under,

compliance with, or violation of this Order.

  IT IS SO ORDERED.
Dated this 29th day of July, 2008

           /s/

        _____

        Magistrate Judge Stephen L. Crocker

**EXHIBIT A**

***Wisconsin Alumni Research Found. v. Intel Corp.*, No. 08-C-78-C (W.D. Wisc. 2008)**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in the matter of *Wisconsin Alumni Research Foundation v. Intel Corporation*, C.A. No. 3:08-cv-00078 in the United States District Court for the Western District of Wisconsin, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.      I have been informed of and have reviewed the Protective order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order.

6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]

- 28 -

**EXHIBIT B**

*Wisconsin Alumni Research Found. v. Intel Corp.*, No. 08-C-78-C (W.D. Wisc. 2008)

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name],

of _____

am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at

any time after I execute this Certificate of Consultant and during the pendency of the Action I

become an employee of a competitor of the opposing Party, I will promptly inform the counsel

for the party who retained me in the Action, and I will not thereafter review any Designated

Materials marked by the opposing Party as "ATTORNEYS' EYES ONLY" unless and until the

Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[printed name]

- 29 -